IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| IAN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-001 |
| | ) | |
| CARL C. BROWN, JR., Judge, Richmond County Superior Court, | ) ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this civil action he commenced by filing a document captioned, "Motion for Writ of Mandamus." For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

**I. BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Petitioner's Prior Filing History.

A review of Petitioner's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Harris v. Georgia Supreme Court, 1:14cv-186 (N.D. Ga. Feb. 24, 2014) (dismissed as frivolous); (2) Harris v. Dep't of Pardons and Paroles, 1:13-cv-01524 (N.D. Ga. July 26, 2013) (dismissed for failure to comply with a court order); and (3) Harris v. Supreme Court of Georgia, 1:12-cv-03235 (N.D. Ga. Nov. 26, 2012) (mandamus action dismissed for failure to state a claim).

A dismissal for failure to comply with a court order qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (failing to comply with court orders is an "abuse of the judicial process"). A mandamus action qualifies as a civil action, such that dismissal for failure to state a claim also constitutes a strike. Lanier v. Ryan, No. 11-20745, 2011 WL 1303291, at *7 (S.D. Fla. Mar. 9, 2011) (citing In re Jacobs, 213 F.3d 289 (5th Cir. 2000); In re Washington, 122 F.3d 1345 (10th Cir. 1997); Hicks v. Brysch, 989 F.Supp. 797 (W.D.

Tex. 1997); Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996)) ("Petitions for Mandamus against either federal officials or against state officials qualify as 'civil actions' under 28 U.S.C. § 1915(g)."), *adopted by*, 2011 WL 1212710 (S.D. Fla. Mar. 31, 2011).

In sum, Petitioner's three previous cases noted above qualify as strikes under § 1915(g). Because he has at least three strikes under § 1915(g), Petitioner cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Petitioner Does Not Qualify for the "Imminent Danger" Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Petitioner complains that Judge Brown has not ruled on a motion filed on November 9, 2014, in a pending civil case Petitioner filed in the Superior Court of Richmond County. There is no allegation of any type of danger to Petitioner, let alone imminent danger. Therefore, Petitioner fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Petitioner wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). The Court notes, however, that the federal statute regarding writs of mandamus, 28 U.S.C. § 1361, provides such relief against only federal officers, employees, or

agencies, and thus, this federal court would not be able to provide the relief sought, namely, an order to a state court judge to issue a ruling. See Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007).

SO REPORTED and RECOMMENDED this 9th day of January, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA